### KILGARRIFF, Admrx v RUTHEMEYER

Ohio Appeals, 1st Dist, Hamilton Co

No. 3823. Decided March 9, 1931

R. A. Ludeke, Cincinnati, for Kilgarriff, Admrx.

Merland, O'Meara, Santen & Willging, Cincinnati, for Ruthemeyer.

ROSS, PJ.

One of the assignments of error is that the court gave the following special instruction after and as a part of the general charge, at the request of the defendant:

"that a guest entering an automobile takes the automobile and the driver thereof as they then are and accepts the ordinary dangers which are incident to that mode of travel."

While a strict construction of the language used would not justify the jury in the position that they were instructed that the guest by entering the automobile assumed the risk of the driver's negligence, for the charge specifically states "as they are," that is, upon entering the automobile, still a jury cannot be expected to weigh nice distinctions in the use of language. The general effect of the charge would be to mislead the jury, and for this reason we disapprove the language used.

However, as the court very definitely charged that the driver was responsible for his own negligence, we do not consider that the plaintiff suffered prejudice.

We quote the portion of the charge to which we refer:

"Now, it being an admitted fact that Mr. Kilgarriff was a passenger in this automobile driven by the defendant, the court instructs you that the defendant was not an insurer of the safety of the passenger, but the law does place and did place upon him, and he owed the duty to James J. Kilgarriff, a passenger, to exercise ordinary care in the operation of the automobile to avoid injuring his passenger."

It is claimed the court also erred in giving the following portion of the general charge:

"There is no evidence in this case that this is a closely built up portion of the City of Cincinnati, and therefore before you would be warranted in finding that the defendant was guilty of negligence under this provision of the ordinance with reference to speed, it is necessary that the plaintiff prove by a preponderance of the evidence that the defendant was traveling at a speed greater than twenty-five miles per hour."

While the court was correct in so charging, in view of the absence of any evidence indicating the character of the section of the city in which the accident occurred, it failed to charge as it should have that a violation of the city ordinance which it had just read to the jury would constitute negli-

gence as a matter of law. The ordinance is as follows:

"Section 680-103 of the Ordinance of the City of Cincinnati provides, "That it shall be unlawful for the owner or operator of any vehicle to drive, operate or move or permit same to be operated, driven or moved upon any street, alley, parkway or public place in the City of Cincinnati at a greater speed than is reasonable and proper, having regard for the width, traffic, use and the general and usual rules of such roadway or highway or so as to endanger the life, limb or property or any person. A rate of speed greater than fifteen miles per hour in the business or closely built up portions of the city or greater than twenty-five miles an hour in other portions of the city shall be presumptive evidence of a rate of speed greater than is reasonable or proper."

Again we would be required to hold that prejudicial error intervened were it not for the fact that the court later properly charged that a violation of the statute would constitute negligence as a matter of law, and the statute is broad enough so that there could not be a violation of the ordinance without at the same time causing a violation of the statute and consequently negligence per se. The statute quoted by the court is as follows:

"Now, §12603-1 GC provides: "That whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians, and drivers, and occupants of all other vehicles, or so as to endanger the life, limb, or property of any person while in the lawful use of the roads or highways, shall be guilty of an offense."

We hold that taking the charge as a whole we are not justified in finding error, prejudicial to the rights of the plaintiff in error, especially in view of the complete failure upon the part of the plaintiff to show negligence on the part of the driver.

Some point is made as to the admission and exclusion of evidence. We consider the rulings of the court not prejudicial to the plaintiff in error.

Finding no error in the record, prejudicial to the plaintiff in error, the judgment of the Court of Common Pleas of Hamilton County is affirmed.

HAMILTON and CUSHING, JJ, concur.